

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-18-00345-CV

———————————————

## IN RE KYLE MCADAMS, EXECUTOR FOR THE ESTATE OF MICHAEL CAMERON HODGES, M.D., DECEASED AND M. CAMERON HODGES, M.D., P.L.L.C., RELATORS

══════════════════════════════════════════════

Original Proceeding Arising Out of Proceedings in the 181st District Court
Potter County, Texas
Trial Court No. 107,219-B; Honorable John B. Board, Presiding Judge

══════════════════════════════════════════════

November 29, 2018

## ORDER ON MOTION FOR REHEARING
## AND MOTION FOR EN BANC RECONSIDERATION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This court denied Relators' *Petition for Writ of Mandamus* on October 29, 2018.[1]

Relators have now filed their *Motion for Rehearing or, Alternatively, Motion for En Banc Reconsideration* contending that the "extraordinary circumstances" of this case require that we withdraw our prior opinion and in its place issue a new opinion requiring

---

[1] *In re Kyle McAdams, et al.*, No. 07-18-00345-CV, 2018 Tex. App. LEXIS 8829 (Tex. App.—Amarillo Oct. 29, 2018, orig. proceeding) (mem. op.).

Respondent, the Honorable John B. Board, to vacate his order for the limited production of Dr. Hodges's personal medical and mental health records. For a more thorough discussion of the relevant facts and issues, we refer the reader to our prior opinion.

By three issues, Relators contend this court erred by (1) utilizing an interpretation of Rules 509 and 510 of the Texas Rules of Evidence that was rejected by the Texas Supreme Court in *R.K. v. Ramirez,* 887 S.W.2d 836 (Tex. 1994) (orig. proceeding), (2) using an overly broad definition of relevance, and (3) failing to consider the policy ramifications of allowing discovery into the medical and mental health records of a physician in a medical malpractice case. Having considered Relators' motion and the response of Real Parties in Interest, we deny the motion for rehearing and motion for en banc reconsideration.

With respect to Rules 509 and 510 and the scope of the definition of relevance, all parties agree the deciding issue in this proceeding is whether Real Parties in Interest (as Plaintiffs) are *relying on* the medical or mental health condition of Dr. Hodges as a *part* of their claim. Relators contend this court misinterpreted *Ramirez* because we first determined whether the questioned records were "relevant" to that determination before we determined if they were a "part" of the claims of Real Parties in Interest. In making their argument, Relators parse the language of *Ramirez* to ultimately contend that in order to be a "part" of a party's claim or defense, a patient's medical or mental health condition must be "central" to that claim or defense and it must be an "ultimate" issue. We reject that narrow interpretation. The Supreme Court, in *Ramirez,* stated that in order for an exception to the physician-patient privilege to apply, the "scope of the exception should be tied in a meaningful way to the legal consequences of the claim or defense." *Id.* at

2

842 (rejecting an interpretation that relies on relevance *alone*). In doing so, the Supreme Court emphasized that there must be something more than a tangential connection between the records being sought and the claim or defense of the party seeking to invoke the exception. Because this court did determine that there was a "meaningful" connection between the claim of Real Parties in Interest and the information being sought in our analysis of the applicability of the exceptions to Rule 509, Physician-Patient Privilege, and Rule 510, Mental Health Information Privilege, we overrule Relators' first two issues.

With respect to the contention that this court failed to consider the policy ramifications of allowing discovery into the medical and mental health records of a physician in a medical malpractice case, we remind Relators that it is not the function of this court to make policy decisions. Those decisions are better left to the Texas Legislature in enacting statutes and in delegating the authority to issue rules, and the Texas Supreme Court in the interpretation of those matters. As such, Relators' third issue is overruled.

CONCLUSION

Relators' *Motion for Rehearing* and *Motion for En Banc Reconsideration* are denied.


Patrick A. Pirtle
Justice